UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00500-H

PLUMBERS & PIPEFITTERS LOCAL UNIONS
      NO. 502 & 633 PENSION TRUST FUND,
PLUMBERS & PIPEFITTERS LOCAL UNION
      NO. 502 HEALTH AND WELFARE TRUST FUND,
PLUMBERS & PIPEFITTERS LOCAL 502
      EDUCATION AND TRAINING FUND, and
PLUMBERS & PIPEFITTERS LOCAL UNION 502           PLAINTIFFS

V.

F. S. SCHARDEIN & SONS, INC.,           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, three voluntary trust funds established pursuant to section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and the local union[1], filed this action against Defendant, F.S. Schardein & Sons, Inc., to recover collectively bargained fringe benefit contributions to multiemployer trust funds, dues check off and other contractual obligations. The case is before the Court on Plaintiff's motion for summary judgment. Defendant did not respond to Plaintiffs' motion for summary judgment. Accordingly, the Court has considered the merits of Plaintiffs' motion, without the benefit of a response from Defendant. For the following reasons, the Court will sustain Plaintiffs' motion for summary judgment.

---

[1] Plaintiffs are: (1) Plumbers & Pipefitters, Local Unions No. 502 & 663 Pension Trust Fund ("Pension Fund"), (2) Plumbers & Pipefitters, Local Union No. 502 Health and Welfare Trust Fund ("Health and Welfare Fund"), (3) Plumbers & Pipefitters, Local Union No. 502 Education and Training Fund ("Education and Training Fund"), and (4) Plumbers & Pipefitters, Local Union No. 502 ("Local 502"). The Pension Fund and Health and Welfare Funds are trust funds created pursuant to 29 U.S.C. § 186(c)(5) and are multiemployer plans pursuant to 29 U.S.C. § 1002(37). Likewise, the Education and Training Fund is a trust fund created pursuant to 29 U.S.C. § 186(c)(6) and is a multiemployer plan pursuant to 29 U.S.C. § 1002(37). Local 502 is a labor organization as defined in 29 U.S.C. § 152(5).

I.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; it must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). In such a case, the moving party is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation omitted).

Defendants did not file a response to Plaintiffs' motion for summary judgment. Federal Rule of Civil Procedure 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting material – including the facts considered undisputed – show that the movant is entitled to it.

FED. R. CIV. P. 56(e)(3).

2

In the absence of a response, Defendants have not identified any genuine issues of material fact or any reasoning that would absolve it of liability.[2]  Therefore, the Court will grant summary judgment for the Plaintiffs if the motion and supporting material establish that Plaintiffs are entitled to summary judgment as a matter of law.

II.

Pursuant to the Employee Retirement Income Security Act of 1974, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.  An employer's contractual obligation to make such contributions may arise from a collective bargaining agreement, including agreements involving several employers.  *Plumbers & Pipefitters Local Union No. 572 Health & Welfare Fund v. A&H Mech. Contractors, Inc.*, 100 F. App'x. 396, 400 (6th Cir. 2004).

Plaintiffs and Defendant entered into the collective bargaining agreement, effective July 8, 2008.  The collective bargaining agreement obligated the Defendant to make periodic payments to the Pension Fund, Health and Welfare Fund, and Education and Training Fund.  The Pension Fund and Health and Welfare Fund provided for an assessment of liquidated damages and interest when

_____

[2] The Court does not grant summary judgment on the basis that Defendant has failed to file a response.  It is unclear whether such a decision would stand.  *Compare Lovejoy v. Owens*, 19 F.3d 1433, *1 (6th Cir. 1994)("A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."), *with U.S. v. Davis*, 2008 WL 1735167, at *2 (E.D. Ky. Apr. 11, 2008)("According to Rule 56(e), a party who decides not to respond to a motion for summary judgment, risks having judgment entered against them if the court finds that it is appropriate to do so. Sixth Circuit precedent clearly permits lower courts to enter summary judgment where a motion for summary judgment goes unanswered. Furthermore, courts have consistently held that motions for summary judgment can be granted for failure to respond, even in cases where the non-responding litigant was not represented by counsel.")(internal citations omitted).  Both decisions cited predate the 2009 amendments to the Federal Rules of Civil Procedure, which substantially changed Rule 56.  With the utmost caution, the Court will proceed to address the merits of the motion for summary judgment.

Defendant failed to make the requisite contributions.  These costs are referred to as late filing assessments.  Further, Defendant agreed to remit to Local 502 dues check off and other negotiated payments.

Starting in May 2011, Defendant fell behind in these obligations.  Soon after, Defendant and the Pension Fund and Health and Welfare Fund reached a settlement, which resulted in an Installment Payment Agreement and further penalties in the case of default.  Sixteen weeks later, Defendant defaulted on the Installment Payment Agreement.  During the same time, Defendant failed to remit contributions owed to the Education Fund for the work months of March to June 2012.  Lastly, Defendant failed to remit dues checks and other negotiated payments owed to Local 502.  Plaintiff filed this action seeking unpaid fringe benefit contributions, dues check off and other contractual obligations pursuant to the collective bargaining agreement.

The Court is satisfied that the collective bargaining agreement is enforceable.  *See* 29 U.S.C. §§ 1003-04.  The affidavit accompanying Plaintiffs' motion confirms Defendant's obligation to pay fringe benefits and the amounts owing.  Accordingly, Plaintiff is entitled to summary judgment against Defendant for unpaid fringe benefit contributions, dues check off and other negotiated payments.[3]  In addition to the damages sought by Plaintiffs for Defendant's failure to pay

---

[3] In sum, Defendant's obligations are as follows:

| | |
|---|---|
| Pension Fund and Health and Welfare Fund indebtedness pursuant to the Installment Payment Agreement.  This amount has been reduced by a single $25,000 performance bond payment | $173,558.36 |
| Pension Fund variances and late assessments | $6,578.48 |
| Health and Welfare Fund late assessments | $3,288.57 |
| Education Fund indebtedness | $3,962.28 |
| Local 502 indebtedness | $26,238.72 |

contributions due to the employee fringe benefit plans, Plaintiffs seek liquidated damages on the delinquent contributions, judgment interests, attorney's fees and costs.   Under 29 U.S.C. § 1132(g)(2), these amounts are properly chargeable against the Defendant.   In fact, liquidated damages for unpaid contributions and attorney's fees are mandatory under that provision.   *See S. Elec. Health Fund v. Bedrock Servs.*, 145 F. App'x. 772, 779 (6th Cir. 2005)( "ERISA is clear that attorney fees are mandatory where there is a decision enforcing contribution obligations."); *Iron Workers' Local No. 25 Pension Fund v. MCS Gen. Contractors*, 229 F.3d 1152, *7 (6th Cir. 2000) ("Section 1132(g)(2) requires the court to award the plan the greater of the additional interest equivalent to the interest on unpaid contributions or the liquidated damages provided for in the plan.").

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment is SUSTAINED and judgment in favor of Plaintiffs against Defendant is entered in amount of $213,626.41 plus interest and costs.

This is a final order.

cc:      Counsel of Record